IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRESIDENTIAL FACILITY, LLC | : CIVIL ACTION |
| v. | : |
| | : NO. 14-7076 |
| CAMPBELL, et al | : |

## ORDER-MEMORANDUM

**AND NOW,** this 7th day of April 2015, upon consideration of Plaintiff's Motion for Reconsideration and to Alter or Amend a Judgment (ECF Doc. No. 30), it is hereby **ORDERED**:

1.  Plaintiff's Motion for Reconsideration seeking additional limited discovery it claims is necessary to file an Amended Complaint to gather facts necessary to plead a reverse veil piercing claim is **DENIED.** Plaintiff is not prejudiced. For over five months, it has enjoyed and will continue to enjoy, the ability to pursue execution discovery in either Pennsylvania state court or in this Court with personal jurisdiction over all named defendants through its prior pending judgment at No. 14-MC-263 ("Judgment"). Under Fed.R.Civ.P. 69, Plaintiff may pursue execution discovery not only from the defendants in No. 14-MC-263, but also from third parties concerning the judgment debtors' assets and concealment of his assets from persons and entities who Plaintiff believes have a sufficient relationship with the judgment debtor. *See Falicia v. Advanced Tenant Services, Inc.*, 235 F.R.D. 5 (D.D.C. 2006)(non-party companies); *U.S. v. Neumann*, No. 86-0034-F, 1999 WL 156151 (D. Mass. 1999) (spouse); *National Union Fire Ins. Co. v. Van Waeyenberghe,* 148 F.R.D. 256, 257 (N.D. Ind. 1993) (judgment debtor must answer questions regarding spouse assets); *In re Wesco Distribution, Inc.*, No. 2:11-cv-739, 2013 WL 432932, at *2 (W.D. Pa. 2013)(discovery permitted where narrowly tailored to find assets to satisfy the debt). This discovery, under either the Federal or Pennsylvania Rules of Civil

Procedure, allows Plaintiff to identify assets from which a judgment may be satisfied and, accordingly, Plaintiff is permitted broad inquiry to uncover the judgment debtor's hidden or concealed assets. Plaintiff has ample opportunity to take discovery in either the state or federal court to collect on the pre-existing Judgment and then timely evaluate whether it wishes to pursue a claim based on those facts. Plaintiff, however, may not obtain discovery in this case to find facts to support its present Complaint.

2. Plaintiff's Motion for Reconsideration seeking to vacate this Court's dismissal of the fraudulent conveyance claim is **DENIED**. Plaintiff has not argued a new issue of law demonstrating that Pennsylvania changed its interpretation of the statute of limitations. The Pennsylvania Superior Court's holding in *K-B Building Co. v. Sheesley Construction, Inc.*, 833 A.2d 1132 (Pa. Super. Ct. 2003), continues to define Pennsylvania's statute of limitations under the Uniform Fraudulent Transfer Act, 12 Pa. C.S.A. §§ 5105-5110 (the "UTFA"). A plain reading of UFTA's §5109(1) also confirms that the statute of limitations relates to a transfer "as to present and future creditors". As such, the plain reading would include those "future" creditors who, as yet, do not have a judgment. Accordingly, while we recognize that other states interpret UFTA's statute of limitations differently than Pennsylvania, we apply *K-B Building Co.'s* mandate to determine that Plaintiff's fraudulent conveyance claim is time barred.

_____
KEARNEY, J.